
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3865 | **DATE** | 5/1/2003 |
| **CASE TITLE** | ANNA UCHACZ vs. GOVERNMENT EMPLOYEES INSURANCE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing set for 5/1/03 is reset to 5/14/03 at 9:00 a.m. Enter Memorandum Opinion And Order. The Bank's motion for summary judgment is granted. The Bank is also awarded reasonable attorney's fees and costs related to the litigation of the EFTA claim. The Bank is ordered to submit proper documentation setting forth the requested fees and costs related to the EFTA litigation on or before 5/16/03. Plaintiff's response to the requested fees and costs, if any, is to be filed on or before 5/30/03.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 05 2003 date docketed | 77 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 03 MAY -2 PM 12:50 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANNA UCHACZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 3865 |
| v. ) | |
| ) | Judge John W. Darrah |
| GOVERNMENT EMPLOYEES INSURANCE ) | |
| COMPANY and SUBURBAN BANK ) | |
| BARRINGTON, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
MAY - 5 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff, Anna Uchacz ("Uchacz") brought suit against the Government Employees Insurance Company ("GEICO") and Suburban Bank Barrington ("the Bank"). Count I alleges conversion, and Count II alleges a violation of the Illinois Consumer Fraud Act ("ICFA") against GEICO. Count III alleges a violation of the ICFA against the Bank, and Count IV alleges a violation of the Electronic Fund Transfer Act ("EFTA") against the Bank.

In September 2002, the Bank filed a Motion to Dismiss Counts III and IV. After the Motion to Dismiss was fully briefed, the Court informed the parties that the Motion to Dismiss would be treated as a Motion for Summary Judgment. The Court allowed the parties additional time to file additional responses. In December 2002, the Court granted Plaintiff's Motion to Obtain Discovery and extended the time for the parties to respond to the Motion for Summary Judgment. On February 11, 2003, the Court ordered a new briefing schedule, allowing the Plaintiff until March 18, 2003, to file an additional response to the Motion for Summary Judgment. Plaintiff has not filed an additional response.

## BACKGROUND

On April 5, 2002, GEICO initiated two electronic transfers of funds from Plaintiff's bank account. The first transfer was in the amount of $562. The second transfer was in the amount of $169. Plaintiff claimed she did not have a business relationship with GEICO and did not authorize GEICO to electronically transfer funds from her account.

On April 11, 2002, Plaintiff contacted the Bank to inquire about a deficiency of funds in her account and to inform the Bank of the unauthorized transfer of funds by GEICO. A Bank representative completed a "Fraud/Unauthorized Information Questionnaire based on Plaintiff's telephone call. On April 17, 2002, the Bank provisionally credited Plaintiff's account in the amount of $731.

On April 18, 2002, Judy Hallman ("Hallman"), a Senior Processing Technician for the Bank, wrote Plaintiff a correspondence concerning the unauthorized transfer. The correspondence informed Plaintiff that her account had been provisionally credited in the amount of $731. It further stated that, to keep the provisional credit, Plaintiff must provide the Bank with a letter detailing the specific transactions that were in dispute within ten business days from the date that she gave the Bank oral notice. The correspondence warned Plaintiff that if it did not receive the Plaintiff's letter within the ten-day period, the Bank would immediately deduct the provisional credit applied to Plaintiff's account. Hallman also included an affidavit, to be completed by the Plaintiff, that addressed the facts and circumstances relating to Plaintiff's claim. The correspondence asked the Plaintiff to complete the affidavit.

The Bank did not receive a letter or the affidavit from Plaintiff; and, on May 20, 2002, the Bank deducted the provisional credit of $731 from Plaintiff's account. On May 29, 2002, the Bank

2

sent another correspondence to Plaintiff, informing her that the Bank had recently received information validating the charges to her account. The correspondence requested that the Plaintiff review the documentation and, if she still wished to dispute the charges, to please send a letter indicating her rebuttal to the documentation. If the Bank did not receive a response by June 12, 2002, the Bank considered the matter closed. No such response was received by the Bank.

## ANALYSIS

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In Count III, Plaintiff alleges that the Bank violated the ICFA, 815 ILCS § 505/2, by committing the unfair act of allowing GEICO to transfer funds from Plaintiff's account without her express or implied permission after the Bank was on notice that the transfer was unauthorized and unlawful.

The ICFA is intended to protect consumers, business persons, and borrowers against fraud, unfair methods of competition, and unfair and deceptive business practices. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 416-17 (2002) (*Robinson*). The elements of a claim under the ICFA are: (1) a deceptive or unfair act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deceptive or unfair act, and (3) the occurrence of the deceptive or unfair act

during a course of conduct involving trade or commerce. *See Robinson*, 201 Ill. 2d at 417. Factors reviewed to determine whether an act was unfair include: (1) whether the act offends public policy; (2) whether the act is immoral, unethical, oppressive or unscrupulous; and (3) whether the act caused substantial injury to the consumer. *See Robinson*, 201 Ill. 2d at 417-18.

The facts of the instant case fail to support Plaintiff's claim. The Bank initially allowed the transfer of funds to GEICO on April 5, 2002. After Plaintiff notified the Bank that the transfer of funds had not been authorized, the Bank took corrective action and provisionally credited Plaintiff's account. Through correspondence, the Bank informed Plaintiff of the proper documentation needed to contest the transaction. Plaintiff failed to provide the Bank with the proper documentation. Subsequently, and after warning Plaintiff that failure to provide the proper documentation would result in the provisional credit being withdrawn, the Bank withdrew the provisional credit. These facts fail to support any of the elements of an ICFA claim.

In Count IV, Plaintiff alleges that the Bank violated the EFTA, 15 U.S.C. § 1693 *et al.*, by (1) failing to adequately investigate the unauthorized transfer of funds, (2) failing to notify Plaintiff of the results of its investigation or determination, and (3) by debiting Plaintif's account to reverse the provisional credit.

Section 1693f(a) requires that after a financial institution receives oral or written notice of an alleged error, the financial institution shall investigate the alleged error and report or mail the results of the investigation to the consumer. It also provides that the financial institution may require written confirmation be provided to it within ten business days if an oral notification of error has been made. A financial institution that requires written confirmation need not provisionally recredit a consumer's account, and the financial institution is not liable for treble damages if the written

confirmation is not received within the ten-day period. *See* 15 U.S.C. § 1693f(a).

The facts of the instant case also fail to support Plaintiff's EFTA claim. Upon receiving oral notification of a possible unauthorized transaction, the Bank provisionally credited Plaintiff's account. Through correspondence, the Bank informed Plaintiff that a written report was required. The correspondence included an affidavit to assist Plaintiff in completing the written report. Plaintiff failed to provide the Bank with a written report. After investigation, the Bank again corresponded with Plaintiff, informing her that the Bank had received information validating the disputed withdraws. The correspondence requested that Plaintiff review the documentation and to contact the Bank if she still disputed the charges. Plaintiff did not respond to the Bank.

The above facts demonstrate that, contrary to Plaintiff's allegations, the Bank complied with the EFTA.

Lastly, the Bank seeks attorney's fees and costs pursuant to the EFTA.

The EFTA allows the court to award the defendants reasonable attorney's fees and costs related to the work expended if the court finds that "an unsuccessful action under this section was brought in bad faith or for the purpose of harassment". 15 U.S.C. § 1693m(f). The Bank argues that Plaintiff's bad faith is demonstrated by Plaintiff's failure to disclose to her counsel the substance of her conversations with the Bank or the receipt of the two correspondences from the Bank or Plaintiff's counsel to heed such facts if they were informed of such.

The above facts demonstrate that the Bank fully complied with the EFTA and that the Plaintiff failed to assist the Bank in investigating the alleged unauthorized transaction. Plaintiff does not dispute that the two correspondences, which Plaintiff failed to mention in her complaint or dispute during the present litigation, are fatal to her allegations against the Bank. Furthermore,

5

Plaintiff continued to litigate the allegations against the Bank after the Bank set forth its argument, including the two correspondences, in September 2002. This continued litigation included responding to the Motion to Dismiss without properly addressing the two correspondences, litigating a Motion to Obtain Discovery and to Extend the Time to Respond to the converted Motion for Summary Judgment, and then failing to respond to the Motion for Summary Judgment.

These facts demonstrate that Plaintiff filed suit against the Bank in bad faith and that attorney's fees and costs related to the litigation of the EFTA claim are proper.

## CONCLUSION

For the reasons stated above, the Bank's Motion for Summary Judgment is granted. The Bank is also awarded reasonable attorney's fees and costs related to the litigation of the EFTA claim. The Bank is ordered to submit proper documentation setting forth the requested fees and costs related to the EFTA litigation on or before May 16, 2003. Plaintiff's response to the requested fees and costs, if any, is to be filed on or before May 30, 2003.

Dated: May 1, 2003

JOHN W. DARRAH
United States District Judge